over the objections of the plaintiff in error, of a former policy of insurance (which had expired and which was issued by another insurance company), covering the employees of the Maddox firm, was error, the error, under the facts of the case, was harmless, and does not require another hearing of the case.

3. The award should have been directed against both the employer and the insurance carrier instead of against the insurance carrier only, but this error is one of form and not of substance. The claim was properly brought against both the employer and the insurance carrier, and both defendants were served and were represented by counsel in the hearing before the commissioner and on the appeal to the full commission. The inadvertent direction of the award against the insurance carrier only does not render the award invalid, and this technical error does not require a reversal of the judgment below and a retrial of the case.

It is hereby directed by this court, under the authority vested in it, that the award be amended and be directed against both the employer and the insurance carrier. The carrier will not be heard to complain of this direction, and the interests of the employer are not injuriously affected thereby, since under the provisions of the compensation act the insurance carrier is liable for any award found against the employer, provided, of course, that the award, if excepted to, be approved by the courts.

*Judgment affirmed, with direction. Luke and Bloodworth, JJ., concur.*

---

### 17787.  DILLARD v. THE STATE.

BLOODWORTH, J.  The evidence is not sufficient to support the verdict, and the court erred in overruling the motion for a new trial.

*Judgment reversed.  Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 8, 1927.

Indictment for possession of liquor; from Whitfield superior court—Judge Tarver.  November 8, 1926.

A deputy sheriff testified, that, having got word that "they were selling liquor around the negro hall," he and two other officers watched the hall for some time; that he saw negroes going from

---

Intoxicating Liquors, 33 C. J. p. 761, n. 53.

the hall to the house of Zora Dillard, the defendant, and back to the hall; that he saw two white men sitting in front of Zora Dillard's house, and saw them go up to a car that came up, and when the officers came up on them they ran; that some liquor was found just inside the fence of Zora's yard; some was "scattered around there;" some was "in the alley," and a part of a jug was just in front of Zora's house, which fronts "right on the street;" that "the white men threw the liquor away and ran," and that he, the witness, did not see Zora with any liquor. Henry Reece testified: "Me and Porter Rooker stopped in front of . . the colored barber-shop and we saw Zora Dillard coming up the street. Porter said, 'What you got?' And Zora said, 'I ain't got nothing. We might find something.' He got in the car with us and we drove on down the street, . . and we saw two white men. When we stopped the car these white men came up, and we said we would take a half. Just as they started to hand it to us the law came up, and we let the liquor fall before they gave it to us. . . I didn't see Zora Dillard with any liquor. The white men had the liquor, and they threw it down and ran when the law came up. No, sir, us niggers didn't have any liquor." Porter Rooker testified to the same effect. An officer testified that the officers searched the defendant's house, but did not find any liquor. The defendant, in his statement at the trial, said that he did not have anything to do with any liquor, and did not know anything about the liquor found near the fence; that two white men, one of whom he named, had some liquor there, and they ran off "when the law come up." There was no additional evidence as to possession of liquor.

*William E. & Gordon Mann,* for plaintiff in error.

---

## 17788. COCLIN *v.* TAYLOR.

Construing against the plaintiff in certiorari the contradictions and uncertainties in the record, he does not show error in the judgment complained of; and the judge of the superior court did not err in overruling the certiorari.

DECIDED MARCH 8, 1927. REHEARING DENIED APRIL 12, 1927.

Certiorari, 11 C. J. p. 208, n. 10, 11.